Vince M. Verde, CA Bar No. 202472
vince.verde@ogletree.com
Erin M. Owen, CA Bar No. 345867
erin.owen@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Plaintiff/Counterclaim Defendant AssuredPartners of California Insurance Services, LLC

ELLIS GEORGE LLP
Benjamin D. Scheibe (State Bar No. 101327)
bscheibe@ellisgeorge.com
Milin Chun (State Bar No. 262674)
mchun@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Jeffrey Dann, Connor Dann, and The Liberty Company Insurance Brokers, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| ASSUREDPARTNERS OF CALIFORNIA INSURANCE SERVICES LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY DANN, CONNOR DANN, and THE LIBERTY COMPANY INSURANCE BROKERS, INC.,<br><br>Defendants. | Case No. 2:25-cv-09187 JAK (AGRx)<br><br>**JOINT RULE 16(B)/26(F) REPORT**<br><br>Complaint Filed: September 25, 2025<br>Trial Date: None Set<br>District Judge: Hon. John A. Kronstadt<br>Magistrate Judge: Hon. Alicia G. Rosenberg |

JEFFREY DANN and CONNOR DANN,

Counterclaimants,

vs.

ASSUREDPARTNERS OF CALIFORNIA INSURANCE SERVICES LLC,

Counter-Defendant.

Plaintiff/Counterclaim Defendant ASSUREDPARTNERS OF CALIFORNIA INSURANCE SERVICES, LLC ("AssuredPartners") and Defendants/Counterclaim Plaintiffs JEFFREY DANN, CONNOR DANN, and THE LIBERTY COMPANY INSURANCE BROKERS, LLP ("Liberty") (collectively the "Defendants") (together with AssuredPartners, the "Parties") hereby respectfully submit their Joint Rule 26(f) Report and Discovery Plan, pursuant to Federal Rules of Civil Procedure 26(f).

1. **Statement of the Case**:

**a. AssuredPartners' Position:** This dispute arises from Jeffrey Dann, Connor Dann and Liberty's misappropriation of trade secrets and confidential information from the Danns' former employer, AssuredPartners, and the Danns' violations of their duties of loyalty while they remained employed by AssuredPartners. In the leadup to his resignation, Connor Dann misused and removed confidential client data and trade secrets, specifically business reports and insurance requirements for clients. Connor Dann then used these trade secrets and confidential information to target AssuredPartners' clients and facilitate the movement of business to Liberty. Jeff Dann, while still employed by AssuredPartners, forwarded trade secrets and confidential information to Connor Dann, removed boxes of trade secret and confidential documents from his office, and directed at least one client he managed on AssuredPartners' behalf to move their business to Connor Dann at Liberty. Liberty knowingly encouraged, directed, and benefited from the Danns' misconduct and now

possesses and has used AssuredPartners' trade secrets and confidential information. As a result of the Defendants' conduct, AssuredPartners has suffered significant lost business, damages, and irreparable harm to its trade secret information.

**b. Defendants' Position:** Jeffrey, Connor, and Liberty deny AssuredPartners's allegations and deny any wrongdoing. Jeffrey and Connor are insurance brokers who have worked with many of their clients for years, including before they became employed by AssuredPartners in 2019 and 2023, respectively. In May 2025, Connor left AssuredPartners and joined Liberty. On September 22, 2025, without just cause, AssuredPartners terminated Jeffrey's employment. Jeffrey was subsequently hired by Liberty on September 24, 2025. Defendants deny that they used AssuredPartners's trade secrets to solicit clients or that the identities and contact information of AssuredPartners' clients constitute trade secrets, and deny that they have engaged in any conduct, tortious or otherwise, that has caused Assured Partners to suffer any damages or cognizable harm.

Counter-claimants Jeffrey and Connor filed a counterclaim against AssuredPartners, asserting claims for declaratory judgment, unauthorized access and invasion of privacy, and unfair competition. Defendants Jeffrey and Connor deny that they misappropriated, disclosed, accessed, transferred any trade secret belonging to AssuredPartners and that any information they used was publicly known, readily ascertainable and not subject to reasonably secrecy measures. Counter-claimants Jeffrey and Connor also allege that AssuredPartners unlawfully accessed and viewed their personal digital information in excess of any consent that may have existed under company policy.

2. **Subject Matter Jurisdiction:** The Parties agree that this court has subject matter jurisdiction over this matter because AssuredPartners alleges a claim arising under federal law, *i.e.*, violations of the federal Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), though defendants deny the allegations of that claim.

3. **Legal Issues:** The Parties anticipate several legal issues that will be central to the resolution of this action. The trade secret claims raise questions regarding the existence of protectable trade secrets, whether Defendants acquired or used such information through improper means, whether Defendants' alleged actions caused harm to Plaintiff, and the nature and amount of any such harm. The breach of loyalty claims raises questions regarding whether the Danns' conduct interfered with their duties of loyalty to AssuredPartners and what remedies or damages may be available if liability is established. The parties also anticipate litigating issues related to the Danns' invasion of privacy counterclaims, including whether the Danns have standing and have alleged sufficient facts to bring claims against AssuredPartners under the California Comprehensive Computer Data Access and Fraud Act, Stored Communications Act and Unfair Competition Law.

4. **Parties and Non-Party Witnesses:**

   a. **For Plaintiff:**

      i. **Parties:** Plaintiff is AssuredPartners of California Insurance Services, LLC. AssuredPartners is a California limited liability company with its principal place of business in Ventura, California. Its sole member, AssuredPartners Capital, Inc., is a Delaware corporation with its principal place of business in Florida. AssuredPartners Capital, Inc. is ultimately owned by Arthur J. Gallagher & Co.

      ii. **Percipient Witnesses:** Key witnesses are likely to include: (i) Connor Dann; (ii) Jeffrey Dann; (iii) other corporate representatives from Liberty; (iv) one or more expert witnesses, including on the issues of digital forensics; (v) corporate representatives of AssuredPartners; and (vi) corporate representatives of diverted client accounts. Additional relevant

witnesses are likely to be identified in the course of discovery; as such, this list is not intended to be exhaustive.

**b. For Defendants:**

**i. Parties:** Defendants are Connor Dann, an individual residing in California, Jeffrey Dann, an individual residing in California, and Liberty, a Delaware limited liability company with its principal place of business in Gainesville, Florida.

Liberty's parent is Liberty Enterprises LLC and its subsidiaries include Aura Risk Management & Insurance Services, LLC, Claim Control Pro, LLC, HC Data Consulting, LLC, Illinois Health Holdings, LLC, Illinois Health Holdings, LLC, Innovative Solutions Insurance Services, LLC, Liberty Allstates Insurance Services LLC, Liberty Arrowood Insurance Services LLC, Liberty Barkersfield Insurance Services, Liberty Boudreau Insurance Services LLC, Liberty Browning Insurance Services, LLC, Liberty Budde Insurance Services, LLC, Liberty Buren Insurance Services LLC, Liberty Caparo Insurance Services, LLC, Liberty Caplis Insurance Services, LLC, Liberty Central Coast Insurance Services, LLC, Liberty Chicago Insurance Services LLC, Liberty Cormarc Insurance Services, LLC, Liberty Dale Insurance Services LLC, Liberty DEP Insurance Services, LLC, Liberty DSI Insurance Services, LLC, Liberty Dyer Insurance Services, LLC, Liberty E2E Benefit Services, LLC, Liberty East Insurance Services, LLC, Liberty Fort Lauderdale Insurance Services, LLC, Liberty Goretti Nobre Insurance Services LLC, Liberty Grove Insurance Services LLC, Liberty High Ground Insurance Services, LLC, Liberty Home Port Insurance Services LLC, Liberty Inland Empire Insurance Services, LLC, Liberty Lennon Insurance

Services, LLC, Liberty Lisa Seger Insurance Services, LLC, Liberty Los Angeles Insurance Services, LLC, Liberty Mangan Insurance Services, LLC, Liberty Martinelli Insurance Services LLC, Liberty McGowan Insurance Services, LLC, Liberty Mitchell & Mitchell Insurance Services, Liberty Naranjo Insurance Services, LLC, Liberty Northeast Insurance Services, LLC, Liberty Orange County Insurance Services, LLC, Liberty Owens Insurance Services, LLC, Liberty Platt Insurance Services, LLC Liberty Radosevic Insurance Services LLC, Liberty S.B. Insurance Services, LLC, Liberty Sacramento Insurance Services, LLC, Liberty San Francisco Insurance Services, LLC, Liberty San Jose Insurance Services, LLC, Liberty Saraniti Insurance Services LLC, Liberty Secured Advantage Insurance Services, LLC, Liberty Smith Insurance Services LLC, Liberty Spicewood Insurance Services LLC, Liberty Strategic Benefits Insurance Services LLC, Liberty Valley Insurance Services, LLC, Liberty Visalia Insurance Services, LLC, LibWell, LLC, Med Save, LLC, My RX Health, LLC, Phoenix Administrators, LLC, Precision RX, LLC, Securus Benefits, LLC, Shore Tompkins Acturial Resources, LLC, Smart Health Program, LLC, Summit Care Management, LLC.

**ii. Percipient Witnesses:** Key witnesses are likely to include: (i) Connor Dann; (ii) Jeffrey Dann; (iii) William Johnson; (iv) Adam Baillie; (v) clients whom Assured Partners alleges were solicited by Defendants and/or who retained Liberty; and (vi) corporate representatives of AssuredPartners. Additional relevant witnesses are likely to be identified in the course of discovery; as such, this list is not intended to be exhaustive.

/ / /

5. **Damages:**

   a. **AssuredPartners' Position:** The measure and amounts of AssuredPartners' damages will be determined in the course of discovery. However, such damages are likely to include: (i) ill-gotten profits to Jeffrey Dann, Connor Dann, and Liberty from their use and incorporation of AssuredPartners' trade secrets; (ii) lost profits to AssuredPartners; (iii) forensic costs; and (iv) court costs and attorneys' fees.

   b. **Defendants' Position:** Defendants believe that Plaintiff's claims are meritless and that no damages are warranted. Defendants will seek attorneys' fees and costs to the full extent allowable under the law.

   Defendants Jeffrey and Connor Dann allege that they are entitled to damages in an unknown amount but believe it will exceed $100,000 for each.

6. **Insurance:**

   a. **AssuredPartners' Response:** AssuredPartners is unaware of insurance coverage existing for the claims at issue in this dispute.

   b. **Defendants' Response:** Defendants are currently unaware of any insurance which provides coverage in the form of a defense or indemnification.

7. **Motions:**

   a. **AssuredPartners' Position:** None anticipated at this time. However, AssuredPartners may seek to add additional parties and/or file related litigation against Liberty and certain former AssuredPartners employees for similar claims.

   b. **Defendants' Position:** Defendants do not anticipate filing a motion to add other parties or claims, but may file an amended pleading.

8. **Manual for Complex Litigation:** Not applicable / anticipated.

9. **Status of Discovery:**

a. **AssuredPartners' Position:** Neither party has commenced formal discovery efforts. However, AssuredPartners anticipates serving an initial set of written discovery promptly following the parties' conferral.

b. **Defendants' Position:** Discovery will commence following the completion of the Rule 26(f) conference.

10. **Discovery Plan:** The Parties do not anticipate the need for any changes to the standard Rule 26 disclosures. The parties anticipate approximately ten (10) months of discovery, which will include: exchange of significant documents, communications, and electronically-stored information; depositions of 5-10 witnesses; and expert discovery. The parties do not believe phased discovery is necessary or anticipate any discovery issues at this time.

11. **Discovery Cut-Off:** The Parties propose the following schedule:

a. Fact Discovery Cutoff: October 5, 2026

12. **Expert Discovery:** The parties propose the following schedule:

a. Expert Witness Disclosure(s) with Initial Reports: October 19, 2026

b. Rebuttal Expert Witness Reports: November 2, 2026

c. Expert Discovery Cutoff: November 16, 2026

13. **All Motions Other Than Dispositive Motions:** The Parties propose motions other than dispositive motions be filed on or before November 16, 2026.

14. **Dispositive Motions:** The Parties propose any dispositive motions be filed on or before December 14, 2026.

15. **Settlement:** The Parties have not yet engaged in settlement discussions, but anticipate doing so in the coming weeks.

16. **Trial Estimate:**

a. The Parties anticipate approximately 6-8 days will be needed for trial. Defendants have made a demand for jury trial; AssuredPartners is assessing whether such demand is proper and may move to strike the demand.

b. **AssuredPartners' Response regarding anticipated witnesses:** AssuredPartners is unable to estimate the number of witnesses it contemplates calling at this time, but believes the total witnesses will total between 4–6.

c. **Defendants' Response regarding anticipated witnesses:** Defendants are currently unable to estimate the number of witnesses it contemplates calling at this time, but believe the total witnesses, other than clients of Liberty, will total between 5-7, including expert witnesses. Defendants anticipate potentially calling as many clients of Liberty as AssuredPartners contends were successfully solicited to transfer their business.

**17. Trial Counsel:**

a. **AssuredPartners' Response:** Lead Trial Counsel will be Vince Verde. Additional attorneys include Justin Allen (whose pro hac vice motion is forthcoming), Todd Kaiser (whose pro hac vice motion is forthcoming), and Erin Owen.

b. **Defendants' Response:** Lead Trial Counsel will be Benjamin Scheibe and Milin Chun. Lou Shoch also serves as counsel for Defendants Jeffrey and Connor Dann.

**18. Independent Expert or Master:** The parties do not anticipate the need for an independent expert or special master at this time.

**19. Timetable:** *See* attached Schedule A.

**20. Other Issues:** The parties do not anticipate any other case-specific issues or complexities at this time.

**21. Patent Cases:** Not applicable.

/ / /

/ / /

/ / /

**22. Whether Parties Wish to Have a Magistrate Judge Preside:** The parties do not consent to trial before the magistrate judge.

DATED: December 5, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Vince Verde*
Vince M. Verde
Erin M. Owen
Attorneys for Plaintiff/Counterclaim Defendant
ASSUREDPARTNERS OF CALIFORNIA INSURANCE SERVICES, LLC

DATED: December 5, 2025

ELLIS GEORGE LLP

By: */s/ Benjamin D. Scheibe*
Benjamin D. Scheibe
Milin Chun
Attorneys for Defendants/Counterclaim Plaintiffs
JEFFREY DANN, CONNOR DANN, AND THE LIBERTY COMPANY INSURANCE BROKERS, LLP

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, the filer attests that the above signatories concur in the contents of this document and have authorized its filing.

Dated: December 5, 2025

/s/ *Benjamin D. Scheibe*
Benjamin D. Scheibe

**EXHIBIT A – SCHEDULE OF PRETRIAL AND TRIAL DATES FOR CIVIL CASES**

| | |
|---|---|
| Case No.: | Case No. 2:25-cv-09187 JAK (AGRx) |
| Case Name: | AssuredPartners of California Insurance Services, LLC v. Jeff Dann, et al. |

| Deadlines: | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|
| **Last Date to Add Parties/Amend Pleadings** | 01/30/2026 | 01/30/2026 | |
| **Non-Expert Discovery Cut-Off** | 10/05/2026 | 10/05/2026 | |
| **Expert Disclosure (Initial)** *(2 weeks after non-expert discovery cut-off)* | 10/19/2026 | 10/19/2026 | |
| **Expert Disclosure (Rebuttal)** *(4 weeks after non-expert discovery cut-off)* | 11/02/2026 | 11/02/2026 | |
| **Expert Discovery Cut-Off** *(6 weeks after non-expert discovery cut-off)* | 11/16/2026 | 11/16/2026 | |
| **Last Date to File All Motions** (incl. discovery motions) *(6 weeks after non-expert discovery cut-off)* | 12/14/2026 | 12/14/2026 | |
| **Settlement Procedure Selection:** ***(ADR-12 Form will be completed by Court after scheduling conference)*** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | Private | Private | |
| **Last day to conduct settlement conference or mediation** | 01/12/2027 | 01/12/2027 | |
| **Notice of Settlement / Joint Report re Settlement** *(First Friday following last day to conduct settlement conference or mediation)* | 01/22/2027 | 01/22/2027 | |
| **Post Mediation Status Conference** *(10 days after due date to file notice of settlement / joint report re settlement: Mondays at 1:30 pm)* | 02/01/2027 | 02/01/2027 | |

**Note: If necessary, counsel will be invited to submit proposed dates with respect to the final pretrial conference and trial date upon the Court's final ruling on all motions. The trial estimate will be set at the final pretrial conference.**

**EXHIBIT A – SCHEDULE OF DATES FOR CIVIL JURY TRIALS *(After Court has ruled on all motions)***

| | |
|---|---|
| Case No.: | Case No. 2:25-cv-09187 JAK (AGRx) |
| Case Name: | AssuredPartners of California Insurance Services, LLC v. Jeff Dann, et al. |

| **Settlement Procedure Selection:** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
|---|---|---|---|
| 1. Magistrate Judge<br>2. Attorney Settlement Officer Panel<br>3. Outside ADR/Non-Judicial (Private) | | | |
| **Last day to conduct settlement conference or mediation**<br>*(within 30 days of the Court's final ruling on all motions)* | | | |
| **Notice of Settlement / Joint Report re Settlement**<br>*(1 week after last day to complete settlement)* | | | |

| **Pretrial and Jury Trial Dates:** | **Plaintiff(s) Request** | **Defendant(s) Request** | **Court Order** |
|---|---|---|---|
| **Last day to file all pretrial documents and motions in limine**<br>*(2 weeks after last day to complete settlement)* | 01/26/2027 | 01/26/2027 | |
| **Last day to file response to motions in limine**<br>*(3 weeks after last day to complete settlement)* | 02/02/2027 | 02/02/2027 | |
| **Final Pretrial Conference, Status Conference re Disputed Exhibits, and Hearing on Motions in Limine**<br>*(4 weeks after last day to complete settlement: Monday at 1:30 pm)* | 02/09/2027 | 02/09/2027 | |
| **Jury Trial**<br>*(6 weeks after last day to complete settlement: Tuesday at 9:00 a.m.)*<br>Duration Estimate: 6-8 Days / ____ Weeks | 02/23/2027 | 02/23/2027 | |